# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| SABULANI L. BREEDLOVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-00544 |
| ) | Judge Nixon / Frensley |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's Motion to Dismiss for lack of subject matter jurisdiction filed pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 15. In support of that Motion, Defendant has contemporaneously filed a supporting Memorandum of Law and the Declaration of Roxie Rasey Nicoll ("Nicoll Dec."). Docket Nos. 16, 17.

Plaintiff, who is proceeding pro se, has not responded to the instant Motion.

On March 9, 2016, Plaintiff filed a Complaint against the Social Security Administration ("SSA") seeking judicial review of the SSA's suspension of his Supplemental Security Income ("SSI") payments. Docket No. 1.

Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), set forth the exclusive statutory basis for judicial review of a Social Security decision, and provide that federal court review is not available until the claimant completes a four-step administrative review process resulting in a "final decision." *See* 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 416.1400(a). In order for this Court to have jurisdiction, therefore, Plaintiff must have

exhausted his administrative remedies and obtained a "final decision of the Commissioner" that would be subject to judicial review. 42 U.S.C. § 405(g).

After reviewing Plaintiff's application for SSI, the SSA notified Plaintiff on October 16, 2003, that he had been awarded SSI as a disabled adult under Title XVI of the Social Security Act beginning on April 29, 2003. *See* Nicoll Dec., ¶ 3(a), *citing* Exhibit 1. On January 11, 2016, the SSA notified Plaintiff that a monthly SSI payment of $733.00 would be paid directly to him. *Id.*, ¶ 3(b), *citing* Exhibit 2. On January 27, 2016, the SSA sent Plaintiff a notice that his monthly SSI payments would be suspended beginning in March 2016 because the SSA needed updated name, address, or bank account information from Plaintiff. *Id.*, ¶ 3(c), *citing* Exhibit 3. That notice informed Plaintiff of the right to appeal and its process, which involved the reconsideration of the initial determination. *Id.*; *See also* 20 C.F.R. §§ 416.1400(a)(2); 416.107. Plaintiff did not seek reconsideration of the initial determination, instead filing this action on March 9, 2106. *Id.*; Docket No. 1; Docket No. 16.

Because Plaintiff did not seek reconsideration of the SSA's initial determination, Plaintiff did not receive a final decision of the Commissioner that is subject to judicial review; accordingly, he has failed to exhaust his administrative remedies and this Court lacks jurisdiction under 42 U.S.C. § 405(g) to review Plaintiff's claim. Moreover, Plaintiff's Complaint does not allege a constitutional claim that could allow this Court to waive Plaintiff's failure to exhaust his administrative remedies. *See* Docket No. 1.

For the foregoing reasons, the undersigned finds that this Court lacks subject matter jurisdiction over Plaintiff's claims. The undersigned therefore recommends that Defendant's Motion to Dismiss (Docket No. 15) be GRANTED and that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge